## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**WILLIAM CODY FUNDIN and JESSICA LYNN FUNDIN,**<br><br>　　Debtors. | **Case No. 24-20189-NGH**<br><br>**Chapter 13** |

### MEMORANDUM DECISION

　　The Court must decide whether a chapter 13[1] trustee may require debtors to surrender their tax refunds during the applicable commitment period, even though the debtors' monthly plan payments are sufficient to pay unsecured creditors in full. The chapter 13 trustee argues such a result is not inconsistent with the Code and requiring debtors to surrender their tax refunds even when the plan base is sufficient to pay unsecured creditors in full provides debtors with additional flexibility should they encounter difficulties later in the plan term. The Court disagrees and concludes the trustee has imposed additional requirements on debtors that are not consistent with the Code.

**FACTUAL AND PROCEDURAL HISTORY**

　　William and Jessica Fundin ("Debtors") filed a chapter 13 petition on May 29, 2024. Doc. No. 1. That same day, they filed their chapter 13 Plan, which proposed

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532, and all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM DECISION - 1

Debtors make 60 payments of $685 to the chapter 13 trustee.[2] Doc. No. 2.[3] The Court confirmed the plan on August 20, 2024. Doc. No. 27.

On September 8, 2025, Debtors filed a motion to modify their chapter 13 plan to increase their monthly payments to $810 per month starting in September 2025, and to permit Debtors to retain any future income tax refunds received during the remaining term of the plan. Doc. No. 34 (the "Motion to Modify"). This would result in Debtors' plan paying creditors in full over the remaining plan term. The chapter 13 trustee, Kathleen McCallister ("Trustee"), did not oppose the increase in monthly plan payments, but filed an objection to Debtors' proposed retention of future tax refunds. Doc. No. 35.

On October 16, 2025, the parties filed a stipulation resolving Trustee's objection. Doc. No. 36 (the "Stipulation"). In the Stipulation, the parties agree to modify the plan to increase Debtors' plan payments but to leave all remaining terms of their plan in full force and effect. In other words, the parties agreed that Debtors' plan should be modified to pay all creditors in full through plan payments but still provide Trustee with any future tax refunds, thus potentially creating surplus funding unnecessary to pay all creditors. The parties submitted a proposed order to the Court approving the Stipulation. However, after reviewing the Stipulation, and in light of the Court's recent decision in *In re Rych*, 22-20240-BPH, 2025 WL 2730790 (Bankr. D. Idaho Sept. 24, 2025), in which the Court

---

[2] At that time, the chapter 13 trustee administering the case was Barry Zimmerman. Kathleen McCallister was appointed as the successor chapter 13 trustee on October 1, 2024, following Zimmerman's retirement.

[3] Section 2.1 of the plan notes Debtors' applicable commitment period is 60 months. *See also* § 1325(b)(4).

MEMORANDUM DECISION - 2

denied a modification that would have resulted in a surplus fund held by Trustee beyond what was necessary to pay all creditors in full, the Court determined further information and authority was required to approve a modification that, on its face, potentially overfunds Debtors' plan.  Thus, the Court required Trustee to submit supplemental briefing in support of her objection and the resulting Stipulation.  Trustee timely provided the supplemental briefing.  Doc. No. 38.

**ANALYSIS**

Modification of a confirmed plan is governed by § 1329.  Specifically, § 1329(a)(1) allows a confirmed plan to be modified to increase plan payments.  This Court previously summarized the applicable standard when evaluating a proposed modification:

> "[W]hether a modification should be approved is subject to the bankruptcy judge's discretion and good judgment in reviewing the motion to modify." *In re Hall*, 442 B.R. 754, 761 (Bankr. D. Idaho 2010) (citing *Powers v. Savage (In re Powers)*, 202 B.R. 618, 622 (9th Cir. BAP 1996)).  Modification analysis under § 1329 is equitable in nature and courts look to the totality of the circumstances.  *See Hall*, 442 B.R. at 761 (citing *Max Recovery, Inc. v. Than (In re Than)*, 215 B.R. 430, 438 (9th Cir. BAP 1997)).  One such circumstance is when a debtor's income increases.  *Berkley v. Burchard (In re Berkley)*, 613 B.R. 547, 552 (9th Cir. BAP 2020) ("It is well accepted that § 1329 permits the trustee and creditors to modify the plan to capture postconfirmation increases in the debtor's income.").  In exercising their discretion, courts may also "evaluate the reasonableness of debtors' expenses and their ability to pay creditors more." *In re Sayre*, No. 8:11-BK-17184-RCT, 2017 WL 11569064, at *4 (Bankr. M.D. Fla. July 17, 2017).  In so doing, courts balance a debtor's expenses against what is fair to unsecured creditors.

*In Re Pratt*, 19-40401-JMM, 2023 WL 363511, at *2 (Bankr. D. Idaho Jan. 23, 2023).

Debtors' Motion to Modify would increase monthly payments sufficient to pay unsecured

MEMORANDUM DECISION - 3

creditors in full. Debtors have therefore met their burden of coming forward with adequate evidence that a modification of the plan may be appropriate.

Trustee argues that Debtors should be precluded from modifying the provision of the plan requiring them to turnover their tax refunds and should instead be compelled to surrender their tax refunds during the plan term, even though the modified plan payments are sufficient to pay unsecured creditors in full. Trustee contends that if Debtors continue to make all plan payments and surrender their tax refunds, then Debtors will have completed the plan early. In other words, Trustee believes Debtors should be compelled to complete their chapter 13 plan earlier than the statutorily mandated applicable commitment period under § 1325(b)(4).

Trustee asserts this result is consistent with ¶ 2.1 of the District of Idaho's model chapter 13 plan, which allows for early plan completion when all creditors are paid in full. While the model plan allows a debtor to voluntarily complete the plan early, the Court has identified no authority that permits a chapter 13 trustee to require a debtor to complete a plan earlier than the applicable commitment period. "If a plan is a 100% payment plan, the Code is explicit that the debtor need only provide 'such portion of future earnings or other income . . . as is necessary for the execution of the plan.'" *Rych*, 2025 WL 2730790, at *6 (quoting § 1322(a)(1)). Here, the monthly payment is all that is necessary for the execution of the plan during the applicable commitment period. As noted by the Court in *Rych*, "modification to increase plan funding when a plan is already fully funded defies logic." *Id*. at 7.

MEMORANDUM DECISION - 4

Trustee cites to several cases for the proposition that it is appropriate to require debtors to turnover tax refunds even when they propose to pay their creditors in full through their modified plan payments.  However, those same cases were addressed in *Rych* and were held to be distinguishable or inapplicable.  2025 WL 2730790, at \*9.  As noted in *Rych*, *In re Halwachs*, 660 B.R. 676 (Bankr. S.D. Ill. 2024), is an out-of-Circuit case from a court that holds that the disposable income test applies to post-confirmation modifications.  Such a holding is inconsistent with decisions from within the Ninth Circuit such as *In re Sunahara*, 362 B.R. 768 (9th Cir. BAP 2005) and within this Court such as *In re Alcaraz*, 2017 WL 978982, at \*3 (Bankr. D. Idaho Mar. 13, 2017) (concluding that the plain language of § 1329(b) does not require the § 1325(b)(1)(B) disposable income test to be satisfied in the context of plan modification).  And while *In re Goethals*, 2023 WL 2730561 (Bankr. S.D. Cal. Mar. 30, 2023), originates within this Circuit, *Rych* correctly noted that it is factually distinguishable and lends only "superficial support" to Trustee's argument.

Trustee also relies on a confirmation order, entered by the undersigned, in *In re Schafer*, 25-20228-NGH, in which the Court endorsed an agreed confirmation order that resolved Trustee's objections to confirmation by providing for the debtor to make plan payments sufficient to pay all creditors' claims in full and to turnover any future tax refunds during the applicable commitment period.  Unlike a modification at issue in the present case, the confirmation standards applicable in *Schafer* included the § 1325(b) projected disposable income test.  However, even under § 1325(b), a debtor is only required to provide their projected disposable income during the applicable commitment

MEMORANDUM DECISION - 5

period if there is an objection **_and_** the value of the property to be distributed under the plan is less than the amount of the claims.  If the value of the property to be distributed satisfies all claims, there is no additional requirement for a debtor to provide all her projected disposable income.  As such, it appears the Court erred in entering the confirmation order in *Schafer* that required the debtor to provide her future tax refunds when her plan payments were sufficient to pay all claims in full.  And while prior decisions of this Court are often persuasive, they are not binding, and a prior order that was entered in error is not persuasive at all.[4]

Trustee also argues that a debtor's future change in circumstances may jeopardize a debtor's ability to complete a plan.  Therefore, requiring debtors to make payments that would lead to the payoff of the plan early only provides debtors with more flexibility should they face financial difficulties in the future.  While this may be true, Trustee's argument misses the mark.  The question is not whether debtors obtain more flexibility if compelled to complete their chapter 13 plan earlier than the statutorily mandated applicable commitment period.  Instead, the question is whether the Code permits a trustee to require a debtor to do so.  Simply put, it does not.  "The Code does not contemplate maintenance of an economic safety net by trustees simply because the trustee harbors skepticism about future events." *Rych*, 2025 WL 2730790, at *6.  And

---

[4] Since Trustee raised the issue, and it does not appear that there would be any prejudice to parties in correcting the error, the Court will issue an order to show cause why the confirmation order should not be modified under Rule 9024, incorporating Federal Rule of Civil Procedure 60(b)(1), based on the Court's mistake of law and in order to relieve the debtor from the requirement to turnover future tax refunds given plan payments that pay claims in full.

MEMORANDUM DECISION - 6

while Debtors ultimately acquiesced to Trustee's demands and an agreed order was submitted, such a concession does not necessarily equate to a voluntary act. As noted in *Rych*, "[f]or debtors on the receiving end of a demand that enjoys limited or no legal support, the choice between acquiescence and incurring fees to resist a demand or motion may be no choice at all. If this accurately reflects the dynamic that exists, neither the goals of bankruptcy nor the chapter 13 bargain is furthered or achieved by this approach." 2025 WL 2730790, at *10.

**CONCLUSION**

Accordingly, based on the exercise of the Court's discretion, the Court will overrule Trustee's objection, reject the parties' Stipulation, and grant Debtors' Motion to Modify. Debtors' plan will be modified such that plan payments will increase to $810 per month beginning with the payment due in September 2025. Further, Debtors shall be permitted to retain any income tax refunds received during the remaining plan term.

Debtors shall submit a proposed order consistent with this decision.[5]

DATED: November 21, 2025



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

---

[5] In the context of this case, the Court waives the requirement of LBR 9004-1(c) to obtain the chapter 13 trustee's endorsement on the proposed order granting the motion to modify.

MEMORANDUM DECISION - 7